UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH O'BRYANT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-00836-NCC |
| | ) | |
| **WORLD MANAGEMENT INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for case management purposes. Plaintiff commenced this action on June 10, 2016, alleging employment discrimination based on his race and "other" (Doc. 1). On that same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 2). However, in support of his Motion, Plaintiff submitted a partially-completed financial affidavit CJA Form 23 (Doc. 3). On August 8, 2016, the Court directed Plaintiff to either pay the filing fee or submit a fully-completed CJA Form 23 because Plaintiff failed to state whether he has cash or funds in a savings or checking account, and if he does, the total amount of said account(s) (Doc. 5). Plaintiff submitted another partially-completed financial affidavit CJA Form 23 in support of the application for in forma pauperis status, again failing to state whether he has cash or funds in a savings or checking account, and if he does, the total amount of said account(s) (Doc. 6). The Court again directed Plaintiff to either pay the filing fee or submit a fully-completed CJA Form 23 (Doc. 7).

On October 7, 2016, in response to the Court's order, Plaintiff paid the $400.00 filing fee. Accordingly, the Court entered an order denying Plaintiff's Motion to Proceed in Forma Pauperis

as moot and directing Plaintiff to cause service of process to be effected upon the Defendant no later than Thursday, January 5, 2017 (Doc. 8).

On November 11, 2016, Plaintiff moved for the appointment of counsel (Doc. 11). The Court denied Plaintiff's request without prejudice (Doc. 13). On December 27, 2016, Plaintiff filed a notice of appeal of the Court's decision denying him the appointment of counsel (Doc. 14). Plaintiff also sought leave to proceed in forma pauperis (Doc. 15). However, as before, Plaintiff failed to submit the required financial affidavit; in fact, the record contains a notation that Plaintiff refused to submit the affidavit. Without the financial affidavit, the Court was unable to consider the Motion. Therefore, the Court gave Plaintiff additional time to submit a fully-completed Form CJA 23 (Financial Affidavit). When Plaintiff failed to file the completed form, the Court denied Plaintiff's Motion (Doc. 20).

The general rule is that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). On July 11, 2017, the Eighth Circuit dismissed Plaintiff's appeal for failure to prosecute (Doc. 23); Plaintiff failed to pay the appellate filing fee or move for in forma pauperis status in the Eighth Circuit despite being directed to do so by the Circuit Court (*See* Docs. 21, 22). As Plaintiff's appeal has now been dismissed and the Circuit has issued its Mandate (Doc. 24), the Court must proceed with this underlying open action—Plaintiff's employment discrimination case. Upon review of this action, the Court notes that Plaintiff has not yet served Defendant. The Court will, therefore, grant Plaintiff another opportunity to properly serve Defendant. Plaintiff is reminded that if he is unable to serve Defendant pursuant to Federal Rule of Civil Procedure 4, he may move the Court to direct the U.S. Marshal to serve process. If Plaintiff chooses to file such a motion, he must

explain to the Court, in writing, what steps he took to locate a qualified person to serve process on the Complaint, and why he was unsuccessful.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court send Plaintiff a copy of the docket sheet along with this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall cause service of process to be effected upon the Defendant no later than **September 22, 2017**. Failure to properly serve Defendant or otherwise move this Court to direct the U.S. Marshal to serve process by this date may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated this 18th day of July, 2017.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE